Stephen R. Winship
(Wyoming State Bar No. 5-2093)
WINSHIP & WINSHIP. P.C.
100 N. Center, Sixth Floor
PO Box 548
Casper, WY  82602
(307) 234-8991

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ASPEN DEVELOPMENT, LLC, | ) | CASE NO: 09-20184 |
| | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## OBJECTION TO DEBTOR'S PROPOSED DISCLOSURE STATEMENT

COMES NOW Bloedorn Lumber Company, by and through its counsel, and hereby objects to the approval of the Debtor's proposed Disclosure Statement dated September 9, 2009, and in support hereof shows the Court as follows:

1. The information contained in the Disclosure Statement (and Plan) is inaccurate in several significant aspects as shown below.

2. Article VIII of the Plan (which does not appear to be attached to the Disclosure Statement) describes it as a Plan of Liquidation. However, in the Disclosure Statement, references are made to a Plan of Reorganization. The differences are crucial in this case as to the need for such aspects as projections of future income in order to determine feasibility of the reorganization attempt. More importantly, discharge is largely determined by whether the parties are dealing with a plan of liquidation or reorganization. See 11 U.S.C. §1141(d)(3). If the plan is in fact a liquidation plan, Article V.A., "Discharge of Debtor" is misleading.

3. Neither the Disclosure Statement nor the Plan specifically addresses Bloedorn's lien claim, its treatment or the pre-petition judgment it obtained against Debtor in state court on its lien claim.

4. The Disclosure Statement does not address the source of the administrative expenses that are expected to be paid ($125,000), or how they are to be paid on the effective date of the Plan.

5. The Disclosure Statement does not adequately address the tax consequences of the Plan on the Debtor. (e.g. are there going to be capital gain taxes from the property sales?).

6. Exhibit D to the Disclosure Statement has not been provided (and no plan has been attached).

7. There is no projection of what unsecured creditors will receive or when (which could be decisive as to determining whether this case should be converted to Chapter 7).

**WHEREFORE**, Bloedorn Lumber Company requests that the proposed Disclosure Statement be denied.

**DATED** this 18th day of November, 2009.

BLOEDORN LUMBER COMPANY

**BY:**   /s/ *Stephen R. Winship*
Stephen R. Winship
Wyoming State Bar No. 5-2093)
WINSHIP & WINSHIP. P.C.
100 N. Center, Sixth Floor
PO Box 548
Casper, WY  82602

### CERTIFICATE OF SERVICE

I, Stephen R. Winship, hereby certify that a copy of the **Objection to Debtor's Proposed Disclosure Statement** was filed and served *electronically* upon **Hampton Young,** Debtor's Attorney, and the **United States Trustee**, this 18th day of November, 2009.

/s/ *Stephen R. Winship*
Stephen R. Winship