IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

In re: )
)
ASPEN DEVELOPMENT, LLC )
) Case No. 09-20184
) Chapter 11
)
)
Debtor. )
)
)

## AMENDED ORDER GRANTING DEBTOR-IN-POSSESSION'S MOTION TO SELL PROPERTY FREE AND CLEAR OF LIENS AND OTHER INTERESTS

The matter above-referenced having come on *Debtor's Motion to Amend Order on Motion For Sale of Property* dated November 2, 2009, and it appearing that all parties have approved this order as to form, and finding good cause exists, the Order on Motion for Sale of Property, entered November 2, 2009 is amended as follows:

Having given due consideration to the Motion, the declarations and other evidence submitted in support of the Motion, and the objection filed, the record and proceedings in the above-captioned case, the arguments of counsel [and other interested parties] at the hearing, and for other good cause shown, the Court hereby finds, as a matter of fact, and concludes, as a matter of law, that:

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 to approve the sale of the property (the "Property") which is the subject of the Motion free and clear of those liens, encumbrances, claims and interests identified in this Order, and to authorize the Debtor-in Possession Trustee on behalf of the estate in the above-captioned case (the "Estate") to enter into and perform in accordance with the Jeffery L. and Freda A. Miller Purchase Agreement dated May 26, 2009., including the modifications thereto, if any, set forth in the record of the hearing on the Motion (the "Agreement"). The Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N), and (O). The statutory predicates for the relief requested in the Motion are 11 U.S.C. §§ 105 and 363, and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 2002, 6004 and 9014.

2. All objections, if any, to the Motion and to the approval of the Agreement, including the transactions contemplated thereby, have been withdrawn, resolved or overruled.

3. The Property is that certain real property commonly know as 1247 Sequoia Drive, Powell Wyoming more particularly described as follows:

Lot 11 Whispering Pines Addition, Park County, Wyoming

4. Record title to the Property is vested in Aspen Development, LLC (the "Record Owner").

5. As set forth in the declarations of service filed with this Court in connection with the Motion, notice of the hearing on the approval of the Motion (the "Notice") was duly served on (a) the Debtor and [his] counsel, (b) all creditors and interested parties [or] [those creditors and interested parties, including parties requesting special notice, as authorized and directed in prior orders of this Court limiting notice pursuant to Bankruptcy Rule 2002(I)], (c) each entity known to the Trustee to assert a lien, encumbrance or other interest in, or claim to, the Property to be affected by this Order, and (d) the Office of the United States Trustee, all in accordance with Bankruptcy Rules 2002(a)(2), 2002(c)(1), 2002(I), 2002(k), 6004(a) and 6004(c). Each entity known to the Trustee to assert a lien, encumbrance, claim or other interest in or to the Property to be affected by this Order was also served with a complete copy of the Motion, and all supporting declarations and pleadings filed by the Trustee in connection with the Motion.

6. The Notice complied in all respects with the requirements of the Bankruptcy Code and the Bankruptcy Rules; fully and adequately described the relief requested in the Motion and set forth the means by which the Motion, and all supporting declarations and pleadings filed by the Trustee in connection with the Motion, could be obtained promptly by a party in interest; provided fair and reasonable notice under the circumstances of this case with respect to the deadlines and procedures for objecting to the relief requested in the Motion; and set forth the time, date and place for the hearing on the Motion. The proposed sale does not entail a sale of all or substantially all of the Debtor's assets.

7. The Property is subject to the judgment lien of Bloedorn Lumber and the liens, encumbrances and other interests of record of Custom Air, Inc., and Jason Pellegrino, dba Integrity Building Services, which are disputed by the debtor.

8. The Trustee has engaged in fair and reasonable marketing, advertising and other sale efforts and procedures in connection with the sale of the Property, which efforts and procedures have enabled the Estate to obtain a fair and reasonable price for the Property under the circumstances of this case. In connection with the proposed sale, the Trustee has complied with all sale procedures established or required by this Court.

9. The highest and best offer to purchase the Property was the one received from property Jeffery L. and Freda A. Miller in accordance with their sales agreement dated May 26, 2009.

10. The Purchasers are unrelated to the Debtor and the Trustee. The Agreement was negotiated, proposed, and entered into by the parties without collusion, in good faith, and from arm's-length bargaining positions. Neither the Trustee nor the Purchaser have engaged in any conduct that would cause or permit the Agreement, or the

transactions contemplated thereby, to be invalidated or avoided under 11 U.S.C. § 363(n). Accordingly, upon consummation of the sale transaction contemplated by the Agreement, the Purchaser will be a buyer in "good faith" within the meaning of 11 U.S.C. § 363(m), and, as such, is entitled to the protections afforded thereby.

11. The terms and conditions of the sale transaction as provided for in the Agreement are fair and reasonable; entry into the Agreement on behalf of the Estate is a sound exercise of the Trustee's reasonable business judgment; and, the sale transaction contemplated by the Agreement is in the best interests of creditors, interest holders and the Estate.

Based on the record in this case, the findings of fact and conclusions of law set forth above and stated on the record pursuant to Bankruptcy Rules 9014 and 7052, and good cause appearing therefor,

**IT IS HEREBY ADJUDGED AND ORDERED** that:

1. The Motion is granted as set forth herein;

2. The terms, conditions, and transactions contemplated by the Agreement are hereby approved in all respects, and the Trustee is hereby authorized under 11 U.S.C. §§ 105(a) and 363(b), (f), and (m) to sell the Property free and clear of liens, claims, encumbrances and interests as herein set forth to the Purchaser on the terms and conditions provided in the Agreement;

3. The Trustee is hereby authorized, empowered, and directed to (1) perform under, consummate, and implement the Agreement, (2) execute all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and the transactions contemplated thereby, (3) take all further actions as may be necessary or appropriate for the purpose of assigning, transferring, granting, conveying, encumbering or transferring the Debtor's property as contemplated by the Agreement, and (4) take such other and further steps as are contemplated by the Agreement or reasonably required to fulfill the Trustee's obligations under the Agreement, all without further order of the Court.

4. The sale of the Property shall be free and clear of the ownership interests of the Record Owner, and its predecessors and successors in interest; any unrecorded equitable or legal interests in the Property asserted by any person or entity, or their respective predecessors and successors in interest, unless such interests would be superior to the rights of the Debtor under 11 U.S.C. § 544(a)(3); the claims or interests asserted by any person or entity, or their respective predecessors and successors in interest, against the Estate which do not constitute liens against or interests in the Property; and the claims or interests asserted by any person or entity, or their respective predecessors and successors in interest, evidenced by the liens, encumbrances and interests of record.

5. Except as authorized for payment hereby, each lien, encumbrance or interest shall attach, as adequate protection to the holder thereof pursuant to 11 U.S.C. § 363(e), to the proceeds of sale, and to the current and future escrowed proceeds of Debtor's other property sales, after (i) payment of all costs of sale at the Property, and (ii) satisfaction of those liens and encumbrances authorized for payment hereby, with the same extent, validity and priority, if any, as such lien, encumbrance, or interest now has with respect to the Property, subject to any and all defenses, offsets, counter-claims and/or other rights of any party relating thereto; any challenge to the validity of Bloedorn Lumber's or the other mechanics lien interests must be determined by adversary proceeding.

6. The Debtor is hereby authorized to pay directly from the escrow all amounts due which are secured by the following liens and encumbrances:

   a. Real Property Taxes;
   b. The undisputed mortgage interest of Pinnacle Bank in the approximate sum of $156,606.75.

7. The Debtor is hereby authorized to pay all other reasonable and customary escrow fees, recording fees, title insurance premiums, and closing costs necessary and proper to conclude the sale of the Property;

8. The various lien claims against the Property above-described are to be protected by a lien against proceeds of this sale, if any, which proceeds are to be placed in an interest bearing escrow account; and, if said sale proceeds are inadequate, lien claimants be protected against past and future escrowed proceeds from sales of debtor's properties.

9. This Court shall and hereby does retain jurisdiction to (1) enforce and implement the terms and provisions of the Agreement, all amendments thereto, any waivers and consents thereunder, and any other supplemental documents or agreements executed in connection therewith; (2) compel delivery and payment of the consideration provided for under the Agreement; (3) resolve any disputes, controversies or claims arising out of or relating to the Agreement; and (4) interpret, implement, and enforce the provisions of this Order;

10. Pursuant to 11 U.S.C. § 363(m), absent a stay of this Order pending appeal, the reversal or modification on appeal of this Order, or any provision thereof, shall not affect the validity of any a sale transaction approved hereby which is consummated prior to such stay, reversal or modification on appeal; and

11. The sale approved by this Order shall not be affected by the appointment of a trustee or successor trustee, the dismissal of the above-captioned case, or its conversion to another chapter under title 11 of the United States Code.

Dated this _____ day of December, 2009.

BY THE COURT:

_____
Peter J. McNiff, United States Bankruptcy Judge

Approved as to form:

_____
Hampton M. Young, Jr.

_____
Stephen R. Winship