CHARLES F. McVAY
UNITED STATES TRUSTEE
REGION 19

MICHELE R. HANKINS
ASSISTANT U.S. TRUSTEE
308 West 21st Street, Room 203
Cheyenne, Wyoming 82001
307-772-2790


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In Re: ) | |
| ) | |
| ASPEN DEVELOPMENT, LLC, ) | |
| ) | Case No. 09-20184 |
| ) | Chapter 11 |
| Debtor. ) | |

**UNITED STATES TRUSTEE'S SECOND MOTION
TO DISMISS OR CONVERT CASE**

The United States Trustee ("UST"), in support of his Second Motion to Dismiss or Convert Case, states as follows:

1.  The Debtor filed for protection under Chapter 11 of the Bankruptcy Code on March 12, 2009.  This is a liquidating Chapter 11 case.

2.  The Debtor filed its first plan and disclosure statement on September 11, 2009.

3.  Both the UST and Bloedern Lumber Co. filed objections to the Debtor's disclosure statement.

4. A hearing was held on the Debtor's disclosure statement and the two objections thereto on January 19, 2010.

5. By order dated January 29, 2010, the Court denied the disclosure statement as being inadequate and directed the Debtor to file an adequate amended disclosure statement by February 12, 2010.

6. As of this date, the Debtor has not filed an amended disclosure statement.

7. The Debtor has been selling properties piece-meal during the pendency of this case without the benefit of a confirmed plan.

8. Some of the Debtor's secured creditors have obtained relief from stay, and it is unclear whether there is any equity in the Debtor's remaining properties.

9. Section 1112(b)(1) of the Bankruptcy Code states that the Court shall dismiss or convert a case for cause, whichever is in the best interest of the creditors and the estate.

10. Section 1112(b)(4)(A) states that substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation constitutes cause.

11. Similarly, §1112(b)(4)(J) states that failure to file a disclosure statement within the time fixed by the Court constitutes cause.

12. Because this case has had a long and protracted

history; because the assets are being sold piece-meal without the benefit of a plan; because the Debtor has lost some of its key properties to secured creditors after relief from stay was granted; and because the Debtor failed to file an adequate disclosure statement within the time fixed by this Court, it is the UST's position that this case should be either dismissed or converted.

Wherefore, based on the above, the UST respectfully requests that the Court grant the UST's Motion and either dismiss or convert this case pursuant to 11 U.S.C. § 1112(b)(1) and (4)(A) and/or (J), whichever is in the best interest of the creditors and the estate, and for such other relief as the Court deems just and proper.

Dated: February 18, 2010.

                              Respectfully submitted,
                              Charles F. McVay
                              United States Trustee


                              _____/S/_____
                              Michele R. Hankins
                              Assistant U.S. Trustee


**CERTIFICATE OF SERVICE**

I, Georgia A. George, certify that on February 18, 2010, a true and correct copy of the above and the proposed order thereon were mailed, postage pre-paid, to the following:

Hampton Young, Esq.
254 North Center Street, Suite 100
Casper, WY 82601

Aspen Development, LLC
C/O Richard T. Bertagnole
P.O. Box 1737
Mills, WY 82644

```
                                    _____/S/_____
                                    Georgia A. George
                                    Office of U.S. Trustee
```